33 C.C.P.A. (Patents)

Application of ALLBRIGHT.

Patent Appeal No. 5058.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

Everett E. Kent, of Boston, Mass., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 26 to 29, inclusive) in appellant's application for a patent for an alleged invention relating to a cooling system for internal combustion engines.

Claim 26 is sufficiently illustrative of the appealed claims. It reads:

"26. The cooling system of internal combustion engines, including Diesel, combustion turbines, and analagous power units, comprising, in combination: the power unit providing a continuous source of heat to the system, apparatus for the continuous dissemination of heat from the system, and means for recirculating a fluid coolant substantially at the boiling point through said power unit and said heat disseminating apparatus, said fluid coolant continuously absorbing heat from said power unit as latent heat of vaporization substantially according to the relationship $hD/kf = 362.3 - 0.0155 \, (DG/uave.)^{0.8} \, (cu/k) f^{0.4} \, (\bar{N}/D)^{0.7}$ and forming a circulating mixture of fluid and vapor, said mixture circulating from said power unit to said heat disseminating apparatus in which the heat of condensation of the vapor is continuously removed, and said fluid coolant substantially at the boiling point is recirculated through the system, said system preferably being sealed against loss of coolant and intake of air, while being maintained under suitable pressure."

The references are:

Bouton, Jr., 1,226,180, May 15, 1917;

Mallory, 1,702,910, Feb. 19, 1929;

Barlow et al., 1,730,111, Oct. 1, 1929.

Appellant states in his application that his invention "relates to a new method for the absorption and dissemination of heat in cooling systems. More specifically, the invention relates to the absorption of heat in a cooling system as latent heat of vaporization of a *boiling fluid coolant* and the dissemination of the heat so absorbed in some practical manner from the system." (Italics ours.) It is further stated in appellant's application that a suitable fluid for use in his alleged invention in internal combustion engines is water; that the use of boiling fluids as coolants and the application of principles of heat transfer to such boiling fluids, hereinafter referred to, constitutes a departure from the prior art; that appellant has attained his objectives by correlation of data which he developed from his personal experience; and that he has found that "the coefficient of heat transfer to boiling fluid in vertical tubes is expressed by" the equation set forth in quoted claim 26. It is also stated in appellant's application that a preferred form of a cooling system for accomplishing the desired results is an enclosed system "containing the coolant at its boiling point"; that the coolant is recirculated through the system by means of a pump; that as the fluid is circulated through the system at its boiling point it is partially vaporized, "the heat flowing to the coolant being utilized as latent heat of vaporization"; that it is essential that the coolant be maintained at the boiling point in order that the maximum rates of heat transfer may be obtained; and that the equation included in quoted claim 26 is useful in "the calculation of heat transfer rates to boiling fluid coolants in the design of cooling systems."

Appellant discloses in his application drawings of cooling systems of the conventional type used in internal combustion engines, and it appears from his application that as the coolant, which is a mixture of fluid and vapor, is circulated through the cooling jackets around the cylinders, the cylinder walls are continuously wetted with a thin film.

It is stated in the brief of counsel for appellant that to visualize appellant's system "one would see a gale of vapor and liquid, both at the same boiling temperature, blowing through the tubular passage that surrounds the engine and is called the jacket. Such of the liquid as strikes a wall spreads out in a film and bursts into vapor which rushes on while other liquid replaces it, making a continuous fluid film continously flashing into vapor," and that "The concept is that vaporization of a film backed by vapor is more rapid than if the same liquid that is in the film were part of a liquid body that fills the [cooling] jacket in the manner in which water stands in a pot." It is further stated in the brief of counsel that the equation contained in quoted claim 26 "tells a relationship to produce this behavior of coolant in the jacket; so that the jacket will neither fill with water as in the cited prior art  *  *  * nor will vaporize the coolant so rapidly that it becomes only a stream of vapor." Counsel also states in his brief that the term "vapor" in the phrase "mixture of fluid and vapor," contained in the appealed claims, is used in a scientific sense and means a gas or invisible steam, and that the term "fluid" means a liquid.

As hereinbefore noted, appellant states in his application that as the coolant is circulated through the system at its boiling point it is "partially vaporized." To what extent it is vaporized is not stated, so that it does not clearly appear from appellant's specification whether the "mixture of fluid and vapor," called for by the appealed claims, is a mixture of vapor in a liquid, such as is used in conventional cooling systems, or whether it is a mixture of liquid dispersed as a mist in vapor, that is, wet steam. Nor does it appear from appellant's application that his "concept is," as stated in the brief of counsel, "that vaporization of a film backed by vapor is more rapid than if the same liquid that is in the film were part of a liquid body that fills the jacket in the manner in which water stands in a pot." Accordingly, it seems to us that the hereinbefore quoted statements from appellant's brief, although we do not question their accuracy, substantially supplement the disclosure in appellant's application.

In his statement to the Board of Appeals, the Primary Examiner tersely but accurately described the references as follows:

"The patent to Bouton Jr. relates to a cooling system for cylinders of internal

combustion engines. The cylinders are surrounded by a jacket of water which is evaporated and the vapor is condensed in a condenser and returned to the engine jacket.

"Mallory shows an engine cooling system in which liquid (water or a water and alcohol mixture) is vaporized. The vapor flows to [the] condenser * * * and is condensed therein. [The] Pump * * * returns the condensed liquid to the engine jacket.

"Barlow et al vaporizes liquid in the engine cooling jacket and condenses the vapor in a chamber mounted in the wing of an airplane. The condensed water is returned to the engine jacket by [the] pump * * *."

The examiner stated that it was his position "that since heat exchange occurs between the fluid and cylinder walls in the reference patents, such heat transfer will be in accordance with applicant's formula, assuming that the formula is correct." He further stated that a patent could not be issued for an explanation of the principles upon which the prior art references operate, even though such explanation might involve, as appeared to be true in the instant case, a "high order of scientific knowledge," and that each of the references discloses a structure which utilizes the principle described in appellant's application, that is, a system wherein the coolant employed is partially vaporized by heat from the engine and subsequently condensed and returned to the cooling jacket.

The Board of Appeals concurred in the views expressed by the Primary Examiner and in affirming his decision stated, among other things, that the several factors involved in the equation included in each of the appealed claims were conventional. The board quoted an explanation of the equation from appellant's application and said:

"It may be observed in respect to the formula and definition of factors or elements involved that several constants in the way of numerical values seem to be included that are not defined but that identification would seem to be necessary for complete explanation of the formula.

"Considered simply in respect to the mechanical elements involved and as shown in the drawings the features appear to be only conventional. These features are the closed conduit system including a heat radiating zone and heat absorption zone around the cylinder with means for transferring the liquid and vapors from one to the other. Structure entirely equivalent to that of applicant's, aside from the matter expressed by the mathematical formula according to applicant's contention, is shown by each of the three references used by the examiner. It may be even further asserted that each of the three citations discloses the conception of so regulating the structure of these systems and other conditions that the liquid will vaporize around the cylinder wall in order to carry away more heat in the form of latent heat of vaporization than would be carried away merely by a simple conduction and convection combined with circulation of the liquid."

It is argued by counsel for appellant that the statement of the Primary Examiner, which was approved by the board, "that since heat exchange occurs between the fluid and cylinder walls in the reference patents, such heat transfer will be in accordance with applicant's formula, assuming that the formula is correct," is not supported by any evidence of record.

It may be, as argued by counsel for appellant, that the equation set forth in the appealed claims is not applicable to a system in which the cooling jacket surrounding the cylinder in an internal combustion engine contains a mixture of vapor in a liquid, as in the prior art disclosures. However, as hereinbefore noted, appellant's application does not disclose that the "mixture of fluid and vapor," called for by the appealed claims, is a mixture of liquid dispersed as a mist in vapor, that is, wet steam, rather than a mixture of vapor in a liquid as disclosed in the prior art.

The issue presented is highly technical in character and the rule that in cases involving highly technical questions the decision of the Board of Appeals will not be disturbed unless it is manifestly erroneous is here applicable.

We have given the arguments of counsel for appellant careful consideration but are unable to hold that the appealed claims are patentable over the references of record.

The decision of the Board of Appeals is affirmed.

Affirmed.